IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL CLARENCE WESLEY, | : | |
| Plaintiff, | : | |
| | : | 1:16-cv-1205 |
| v. | : | |
| | : | Hon. John E. Jones III |
| KATHRYN K. MCCARTHY, MARK | : | |
| BAKER, and ALAN J. POPICK, | : | |
| Defendants. | : | |

## **MEMORANDUM**

### **August 28, 2017**

Plaintiff Daniel Clarence Wesley ("Wesley"), a Pennsylvania state inmate incarcerated at the State Correctional Institution at Rockview, Bellefonte, Pennsylvania, commenced this action on June 17, 2016, stating that "[t]his is a certified complaint filed by Plaintiff, Daniel Clarence Wesley, a state prisoner for damages and injunction 42 U.S.C. 1983, alleging that Defendants delayed recommended surgeries of a colostomy reversal/hernia repair revision because of cost in violation of my 8th Amendment right under the United States Constitution." (Doc. 1, p. 1).

Presently pending is a motion (Doc. 18) to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed on behalf of Defendants Dr. Mark Baker ("Baker") and Dr. John Popick ("Popick"), on the ground that the action is barred

1

by the doctrine of *res judicata*.[1]  For the reasons set forth below, the motion will be granted.

I. **BACKGROUND**

On August 23, 2013, Wesley commenced a civil action pursuant to 42 U.S.C. § 1983, naming a number of defendants, including Defendants Baker and Popick.  (*Wesley v. Wetzel*, M.D. Pa. Civil No. 1:13-cv-2226, Doc. 1).  In the introduction section of the complaint, Wesley stated "[t]his is a civil action…for damages and injunctive relief under 42 U.S.C. 1983, alleging defendants had actual knowledge of the substantial risk of Danial Wesley['s] colostomy condition and delayed fixing the condition and deliberate indifference of his serious medical needs in violation of the Eighth Amendment to the United States Constitution." (*Id.* at Doc. 1, p. 1).  Wesley claimed that Baker and Popick were deliberately indifferent in providing him medical treatment for his colostomy condition and in not approving surgery to reverse the colostomy.  (*Id.* at Doc. 1, ¶¶ 2-5, 7, 8, 10-16, 19, 24-27, 29, 30, 32-38, 40, 44, 47-53, 55-58).  He also alleged that economic considerations motivated the decision not to approve the surgery reversing the colostomy.  (*Id.* at Doc 1, ¶¶ 6, 9, 19, 28, 31, 39, 54, 62).  The matter proceeded through discovery and, on July 22, 2016, this Court issued a Memorandum and

---

[1] Wesley also named Kathryn K. McCarthy as a defendant.  An Order (Doc. 20) issued on December 12, 2016, granting Defendant McCarthy's motion to dismiss the complaint against her.

2

Order disposing of Defendants Baker and Popick's motion for summary judgment. (Docs. 164, 165). After thorough consideration of the record, this Court concluded that Defendants Baker and Popick were not deliberately indifferent with respect to the treatment of Wesley's colostomy condition, including the decision not to approve colostomy reversal surgery. Additionally, Wesley's contention that the decision not to approve the surgery was economically motivated was rejected as wholly unsupported by the record. The Memorandum detailed the medical treatment afforded Wesley over the course of approximately seven years and addressed the rationale for the numerous treatment and surgical decisions made by various medical providers during that time period. (*Wesley v. Wetzel*, M.D. Pa. Civil No. 1:13-cv-2226, Doc. 164). An order issued granting Defendants Baker and Popick's motion for summary judgment and closing the case. (*Id.* at Doc. 165). Wesley did not appeal that decision.

He filed the instant complaint on June 17, 2016, reiterating the very claims that were raised in his prior action, *Wesley v. Wetzel*, M.D. Pa. Civil No. 1:13-cv-2226, Doc. 1).

## II. STANDARD OF REVIEW

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v.*

3

*Twombly*, 550 U.S. 544 (2007). In reviewing the legal sufficiency of a complaint, the court must accept the truth of the factual allegations. *Morrison v. Madison Dearborn Capital Partners III L.P.*, 463 F.3d 312, 314 (3d Cir. 2006). Notably, the assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. The controlling question is whether the complaint "alleges enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555 (rejecting the "no set of facts" language from *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) and requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"); *see also Iqbal*, 556 U.S. at 678 (explaining that Rule 8 requires more than "an unadorned, the-defendant unlawfully-harmed-me accusation"); *see also* FED. R. CIV. P. 8(a) (stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief"). Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994); *see also In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

In resolving a motion to dismiss, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual elements are separated from the legal elements and legal conclusions are disregarded. *Id.* at 210–11. Second, the court determines whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 211.

## III. DISCUSSION

"The doctrine of *res judicata* 'protects litigants from the burden of relitigating an identical issue with the same party or his privy and promotes judicial economy by preventing needless litigation.' " *Post v. Hartford Ins. Co.*, 501 F.3d 154, 169 (3d Cir. 2007), abrogated in part, on other grounds, by *Doroshow v. Hartford Life & Accident Ins. Co.*, 574 F.3d 230, 233–34 (3d Cir. 2009) (quoting *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979)). Three elements are required for the doctrine to take effect: (1) a final judgment on the merits must have been rendered in a prior suit; (2) the same parties or their privies must have been involved in both suits; and (3) the subsequent suit must have been based on the same cause of action as the original. *Lubrizol Corp. v. Exxon Corp.*, 929 F.2d 960, 963 (3d Cir. 1991). Each element is met in this case. First, an entry of summary judgment is a final judgment on the merits for *res judicata* purposes. *See*

5

*Hubicki v. ACF Inds., Inc.*, 484 F.2d 519, 524 (3d Cir. 1973) (finding that "the law is clear that summary judgment is a final judgment on the merits sufficient to raise the defense of *res judicata* in a subsequent action between the parties."). Second, Wesley is the plaintiff in both, and all of the defendants in the present action were also defendants in *Wesley v. Wetzel*, M.D. Pa. Civil No. 1:13-cv-2226. Finally, the same civil rights causes of action arising out of the treatment of Wesley's colostomy care and the decision not to perform colostomy reversal surgery are at issue in both cases. And, to the extent that his present complaint can be construed as raising issues not presented in *Wesley v. Wetzel*, M.D. Pa. Civil No. 1:13-cv-2226, *res judicata* also gives dispositive effect to an issue that could have been raised in the earlier proceeding, whether or not Plaintiff chose to do so. *Corestates Bank, N.A. v. Huls America, Inc.*, 176 F.3d 187, 194 (3d Cir. 1999).

Accordingly, having found that there has been a prior judgment on the merits in a suit involving Plaintiff and all Defendants seeking to assert *res judicata*, and based on the same cause of action, the Court finds that Wesley's action is barred by *res judicata*.

## IV. CONCLUSION

Based on the foregoing, Defendants' motion (Doc. 18) to dismiss will be granted.[2]

An appropriate Order will issue.

---

[2] The Court recognizes that the sufficiency of this *pro se* pleading must be construed liberally in favor of Wesley, even after *Iqbal*. *See Erickson v. Pardus*, 551 U.S. 89 (2007). The federal rules allow for liberal amendments in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citations and internal quotations omitted). Consequently, a complaint should not be dismissed with prejudice for failure to state a claim without granting leave to amend, "unless such an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 245 (citing *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). Clearly, affording Wesley an opportunity to amend under the circumstances would be futile.